[Crim. No. 9082. First Dist., Div. Three. Oct. 23, 1970.]

In re FLOYD DEWAYNE DEAN on Habeas Corpus.

**COUNSEL**

Richard K. Critchlow for Petitioner.

Thomas C. Lynch, Attorney General, Derald E. Granberg and Gary Garfinkle, Deputy Attorneys General, for Respondent.

**OPINION**

**DRAPER, P. J.**—In this habeas corpus proceeding, applicant asserts that his waiver of counsel was not intelligently made. He was charged with driving an automobile while his license was suspended, a misdemeanor (Veh. Code, § 14601), and with four prior convictions of the same offense.

When he appeared for arraignment, the court advised all defendants in the courtroom of their rights to counsel, to trial by jury, and to speedy trial. When applicant's case was called, he was asked if he had heard these

instructions and understood them. To each question, he answered "yes." The court then advised him "This is a very serious offense. You have four prior convictions. You are going to jail if you are convicted," and defendant answered "I realize that." Nonetheless, he again specifically waived his right to counsel, pleaded guilty, and was sentenced to one year in county jail, on work furlough. Defendant appealed to the appellate department of the superior court, which affirmed the judgment. This petition for habeas corpus followed. We issued an order to show cause and ordered defendant's release on bail pending determination of the issue.

■ We recognize fully the elements which the Supreme Court requires to show an adequate waiver of counsel (*In re Johnson,* 62 Cal.2d 325, 335 [42 Cal.Rptr. 228, 398 P.2d 420]). Here applicant's four prior convictions, and his own statement, make clear that he understood the nature of the charge and the elements of the offense. His counsel does not question his knowledge of the pleas available to him. The court's statement and his own acknowledgment establish that he knew incarceration would be imposed if he were convicted. The principal issue raised is that he was not advised of "the defenses which may be available." It is difficult to believe that one who has been four times convicted of the same offense is not aware of the defenses available to him on a fifth prosecution. ■ Moreover, the essence of the rule is that, before waiving counsel, the importance of representation be emphasized to him. ■ The flat warning that conviction will (not may) result in incarceration seems to us to bring home this point fully to any defendant. We therefore conclude that applicant was fully informed and intelligently waived counsel.

We note, too, that nowhere in his application does he deny or question his guilt. But over the centuries, the common law has developed its rules in criminal cases to protect the innocent from improper conviction. "Better that 10 guilty men go free than that one innocent man be punished." (The Fourth Amendment, designed to curb the excesses of the writs of assistance then widely used in England, was intended to protect the public generally, rather than an individual accused, but it has no application here.) We cannot accept applicant's apparent assumption that guilt is irrelevant to his right to habeas corpus.

■ At oral argument this court asked, and later received, memoranda from both parties on the applicability of the recent United States Supreme Court decision (*Boykin* v. *Alabama,* 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709]). Some of the detailed prerequisites to efficacy of a guilty plea, expressed in that decision, are not present here. *Boykin* was filed June 2, 1969. Although *Boykin* is not retroactive (*In re Tahl,* 1 Cal.3d 122, 130, 132 [81 Cal.Rptr. 577, 460 P.2d 449]), it does apply to the plea here

entered July 14, 1969. This issue, however, was not raised in the appellate department of the superior court, which affirmed the judgment October 10, 1969, four months after *Boykin* was filed. ■ Habeas corpus generally will not lie when the claimed error could have been, but was not, raised on appeal (*In re Dixon,* 41 Cal.2d 756, 759 [264 P.2d 513]).

The order to show cause is discharged, the writ is denied, and defendant is remanded to the custody of the Sheriff of San Mateo County.

Brown (H. C.), J., and Caldecott, J., concurred.

A petition for a rehearing was denied November 12, 1970, and petitioner's application for a hearing by the Supreme Court was denied December 17, 1970. Peters, J., was of the opinion that the petition should be granted.